HAYS v. DEELEY et al. (No. 5929.)*

(Court of Civil Appeals of Texas. Austin. May 29, 1918.)

1. TRIAL &#9286;&#10137;143—QUESTIONS FOR JURY.
    Where evidence is conflicting, questions of fact are for jury.

2. APPEAL AND ERROR &#9286;&#10137;1039(16)—HARMLESS ERROR.
    In action by broker on contract, and in the alternative against another, on ground that he falsely represented himself to be agent, court did not err in overruling plea in abatement for misjoinder of causes of action, where it directed verdict for first defendant on contract; such action being equivalent to sustaining the exception and directing an election.

3. PRINCIPAL AND AGENT &#9286;&#10137;155(4)—COMMISSIONS OF BROKER.
    Where broker relied on statement of defendant that he was agent for landowner, and entered into a contract with him, and found a purchaser ready, able, and willing to purchase, broker was entitled to recover from defendant personally.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Suit by F. W. Deeley and another against T. Moore Hays and another. Judgment for

---

plaintiffs against the named defendant, and he appeals. Affirmed.

Tirey & Tirey, of Waco, for appellant.

RICE, J. This suit was brought by F. W. Deeley and R. E. O'Connell, real estate agents, to recover commissions against Mrs. Ida M. Hays and her son, T. Moore Hays, alleging that T. Moore Hays, claiming to be agent for his mother, listed with them for sale or exchange a certain farm in McLennan county, and about the same time Chas. N. Smith and John B. Fisher also listed with them for sale or exchange certain lots in the city of Waco, each agreeing to pay a commission of $300, in the event a sale or exchange of said property was perfected; that subsequently through their efforts the respective parties entered into a contract of exchange of their said properties, T. Moore Hays executing said contract in the name of his mother. Appellees sought recovery against Mrs. Ida M. Hays on the alleged contract, and in the alternative against T. Moore Hays, on the ground that he falsely represented himself to be the agent of his mother, and sought recovery of damages against him in the sum of $600, based on the alleged tort.

As shown from appellant's brief, he and his mother, Mrs. Ida M. Hays, filed a plea in abatement, and further pleaded special exceptions to plaintiffs' petition, on the ground that it was a misjoinder of causes of action, and further pleaded general demurrer and general denial, and specially answered that the said Mrs. Ida M. Hays had never given the authority to T. Moore Hays, or any one else, to sell said real estate, nor had she authorized him, or any one else, to bind her in a contract to sell the same, which answer was adopted by appellant. To Moore Hays further pleaded in his special answer the facts concerning his authority, alleging that he informed appellees, and the parties they represented, of all the facts touching his authority, and that, therefore, he could not be bound, even though his mother was not bound under the contract executed by him in her name.

At the conclusion of the evidence the court instructed the jury to return a verdict for the defendant Mrs. Ida M. Hays, which was done, and submitted the case to the jury against the appellant, T. Moore Hays, alone, on the theory that he represented that he had authority to bind his mother in the contract. There was a jury trial, resulting in verdict and judgment in behalf of appellees in the sum of $300, from which this appeal is prosecuted.

[1] The first assignment of error urges that the verdict and judgment is contrary to the law, for the reason that the testimony shows that the defendant T. Moore Hays fully disclosed to the plaintiffs, and to the said C. N. Smith and John B. Fisher, the facts concerning his authority, and therefore plaintiffs and the said C. N. Smith and John B. Fisher had the same opportunity to judge of the sufficiency thereof as the said T. Moore Hays did himself. By his proposition thereunder it is asserted that, where the agent fully discloses to the third person facts concerning his authority, so that the latter may have the same opportunity of judging the sufficiency thereof as the agent himself, or if the third person himself has acted with presumptive knowledge of those facts, the agent cannot be held personally liable, even though the principal is not bound. This involves a question of fact, which was submitted to the jury for their consideration. It is true the evidence is conflicting on this issue, but the determination of the question was for the jury, who saw proper to resolve it against appellant; and since the evidence, in our judgment, amply supports the verdict, we see no reason to disturb their finding in this respect.

[2] It is urged that the court erred in overruling appellant's plea in abatement to appellees' first amended petition, as well as his several special exceptions addressed thereto, based on the contention that it contained a misjoinder of causes of action, in that the action against Mrs. Ida M. Hays grew out of a breach of a written contract, and the action against T. Moore Hays was for recovery of damages sounding in tort, based on the assumption that he wrongfully represented that he had authority to represent his mother in making a contract for the exchange of lands. We do not think the court erred in the respect complained of, for the reason that this question was eliminated by the action of the court in directing a verdict in behalf of Mrs. Ida M. Hays. It was equivalent to sustaining the exception, and directing an election as to which party appellees should proceed against, for which reason we overrule the several assignments referred to.

[3] Appellant requested, and the court refused to give, the following special charge, which is assigned as error:

"You are instructed that, if you find from the evidence in this case that the representations, if any, of the said T. Moore Hays to the plaintiffs as to his powers and authority to bind his mother in the contract set out in plaintiffs' first amended original petition, were such as to put the ordinarily reasonably prudent man on notice of the extent of his authority to bind his mother in the contract set out in plaintiffs' first amended original petition, and you further find that plaintiffs made no inquiry as to appellant's authority, then, if you so find, you will find for the defendant T. Moore Hays, and say so by your verdict."

As we view this case, there is no question of notice involved in it; but the sole inquiry was whether or not appellant represented to appellees that he had authority to bind his mother to the contract executed by him for the exchange of the land. If he did, and plaintiffs relied thereon, and found a

purchaser therefor, who was ready, able, and willing to trade for said land on the terms of said contract, then appellees were entitled to recover; otherwise, not. This issue was clearly presented for the consideration of the jury by the charge of the court, who found against appellant thereon, for which reason we think the special charge was properly refused.

The remaining assignments have been duly considered, and are overruled. No reversible error having been pointed out, the judgment of the court is in all respects affirmed.

Affirmed.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes